IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                              No. CR 04-1688 JB

ORYAN YAZZIE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States Probation Office's Amended Violation Report, sent September 12, 2019. The primary issues are: (i) whether Defendant Oryan Yazzie's supervised release should be revoked; and (ii) whether Yazzie should be sentenced to an enhanced sentence of thirty months. The Court concludes that: (i) Yazzie's supervised release will be revoked because he repeatedly violated his supervised release conditions; and (ii) Yazzie will be sentenced to an enhanced sentence of thirty months because of Yazzie's recidivism, because of Yazzie's demonstrated propensity toward violence, and because of the need to protect the community.

When a defendant asserts that the length of his sentence is unreasonable in light of the relevant 18 U.S.C. § 3553(a) factors, he challenges the "substantive reasonableness" of the sentence. United States v. Lente, 647, F.3d 1021, 1031-32 (10th Cir. 2011). The § 3553(a) "factors include, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to adequately deter criminal conduct, the need to protect the public from further crimes by the defendant, and the need to provide the defendant with necessary medical care." United States v. Yazzie, 757 F. App'x 772, 774 (10th Cir. 2018)("Yazzie"). The United States Court of Appeals for the Tenth Circuit "review[s] the

substantive reasonableness of a sentence for abuse of discretion." United States v. Chavez, 723 F.3d 1226, 1233 (10th Cir. 2013). Moreover, because "'there will be a range of possible outcomes the facts and law at issue can fairly support,' [the Tenth Circuit] will defer to the district court's judgment 'so long as it falls within the realm of . . . rationally available choices.'" Yazzie, 757 F. App'x at 774 (quoting United States v. Durham, 902 F.3d 1180, 1236 (10th Cir. 2013)).

In Yazzie, the Tenth Circuit held that there were sufficiently compelling reasons to support the district court's decision to impose a sentence that exceeded the applicable Guidelines range. Yazzie, 757 F. App'x at 775. The Tenth Circuit reasoned:

> Although sentences falling within the applicable Guidelines range are presumptively reasonable, *see United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011), this presumption doesn't apply here because Yazzie's 24-month sentence exceeded the applicable Guidelines range of 5 to 11 months. But the fact that Yazzie's sentence fell outside the Guidelines range doesn't necessarily render that sentence substantively unreasonable. *See Gall*[ *v. United States*], 552 U.S. [38,] 51[ (2007)]. Instead, it simply means we must "consider the extent of the deviation" and determine whether the district court's proffered justifications for that deviation are "sufficiently compelling to support the degree of the variance." *Id.* at 50. . . .

Yazzie, 757 F. App'x at 774-75. According to the Tenth Circuit, the Honorable M. Christina Armijo, former Chief United States District Judge for the United States District Court for the District of New Mexico, considered numerous factors in imposing a twenty-four-month sentence, such as Yazzie's prior violations, Yazzie's "demanding and hostile attitude towards people in his community," and the need to "protect the community." Yazzie, 757 F. App'x at 775. In addition, the Tenth Circuit stressed that "Yazzie's repeated violations of the conditions of his supervised release are a 'breach of trust.'" Yazzie, 757 F. App'x at 775 (quoting United States v. Steele, 603 F.3d 803, 805 (10th Cir. 2010)). Because the Tenth Circuit concluded that Yazzie's sentence was not "'arbitrary, whimsical, or manifestly unreasonable,'" the Tenth Circuit affirmed Chief Judge Armijo's decision. Yazzie, 757 F. App'x at 775 (quoting Untied States v. Durham, 902 F.3d at

1236). The Tenth Circuit in Yazzie cited United States v. Steele, in which it upheld a district court's decision to impose an eighteen-month sentence -- thus exceeding the Guidelines range of four to ten months in that case -- and noted that the defendant had committed a "second breach of trust in a fairly short time" and that such "recidivism is generally a reason for increased sentencing severity." 603 F.3d at 805.

Here, the Court's decision from the bench to increase Yazzie's sentence above the Guideline range is likely sufficient and warranted. As stated above, the Tenth Circuit has instructed that "recidivism is generally a reason for increased sentencing severity." United States v. Steele, 603 F.3d at 805. The Court stated from the bench several reasons, in addition to recidivism, why it is giving an increased sentence, and these reasons track the § 3553(a) factors, such as Yazzie's history and characteristics, adequate deterrence, and protecting the community. Previously, Chief Judge Armijo also decided to give an increased sentence, specifically stating her reasoning. The Court's decision is, therefore, not "arbitrary, whimsical, or manifestly unreasonable." Yazzie, 757 F. App'x at 775. In sum, the Court's stated reasoning from the bench is sufficient.

**IT IS ORDERED** that (i) the Defendant Oryan Yazzie's supervised release is revoked; and (ii) the Yazzie is sentenced to thirty months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
    Attorney for the United States
United States Attorney's Office
Albuquerque, New Mexico

--and--

Paul H. Spiers
Charles Barth
    Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kimberly A. Middlebrooks
Albuquerque, New Mexico

--and--

Lisa Torraco
Lisa Torraco Law Firm
Albuquerque, New Mexico

--and--

Stephen P. McCue
    Federal Public Defender
Brian A. Pori
    Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorneys for the Defendant*